## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

_____

ABELINO RIVERA, Individually and for
others similarly situated,

        Plaintiff,

      v.                                 Case No. 2:23-cv-00336-KWR-KK

CHSPSC, LLC d/b/a/ COMMUNITY HEALTH
SYSTEMS and LAS CRUCES MEDICAL
CENTER, LLC d/b/a MOUNTAIN VIEW
REGIONAL MEDICAL CENTER,

        Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon the Defendants' Opposed Joint Motion to Strike Certain Notices of Consent (**Doc. 41**). Having reviewed the parties' pleadings and the relevant law, the Court finds that the Defendants' motion is not well-taken, and therefore, **DENIED** without prejudice.

## BACKGROUND

Plaintiff Abelino Rivera brings a class and collective action under the Fair Labor Standards Act ("FLSA") and the New Mexico Minimum Wage Act ("NMMWA") against Defendants CHSPSC, LLC ("CHSPSC") and Las Cruces Medical Center, LLC ("Mountain View Hospital"). **Doc. 23**. As part of this lawsuit, eleven potential class members have consented to opt into the FLSA lawsuit. **Docs. 4; 6; 13; 14; 15; 32; 35; 47.** The Defendants jointly request that this Court strike the notices of Linda Porter, Sandra Braswell, Karmen Holly, and Latoya Russell. **Docs. 13-15; 41.**

1

**DISCUSSION**

The four individuals submitted their notices of consent to opt into the instant litigation as required under the FLSA. 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."); *Thiessen v. Gen. Elec. Cap. Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001); **Docs. 13-15.** The Defendants ask this Court to strike the notices of consent because "these four individuals were never employed by Mountain View, consequently never jointly employed by Mountain View and CHSPSC, and therefore cannot be their employees within the meaning of the FLSA and NMMWA." **Doc. 41 at 2.** Because the Defendants did not employ these individuals, "they are not part of the collective Plaintiff seeks to certify and their Notices of Consent should be stricken." *Id.* As evidence that Mountain View Hospital and CHSPSC never employed these individuals, the Defendants attached sworn declarations attesting that the organizations did not employ the four individuals, have no records of employment for work performed by those individuals, and did not issue those individuals paychecks or tax forms for work performed. *See* **docs. 41-1; 41-2.** To ensure the fairness and accuracy of the proceedings, the Defendants request this Court to strike these notices of consent. **Doc. 46 at 3.**

In response, Mr. Rivera argues that the Defendants' fact-based objections are prematurely and procedurally defective under Rule 12(f). **Doc. 43 at 1**; Fed. R. Civ. P. 12(f). First, Plaintiff argues that Rule 12(f) only permits a court to strike material from pleadings, and FLSA notices of consent do not fall into the definition of pleadings. **Doc. 43 at 2.** Second, Mr. Rivera argues that Defendant's motion to strike members of the potential class is an inappropriate attack on the case's merits before discovery is completed. **Doc. 43 at 3.**

Rule 12(f) allows a trial court—on its own or on a motion made by a party—to strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). While courts have discretion to grant a motion to strike, these motions are generally disfavored. *See Martinez v. Naranjo*, 328 F.R.D. 581, 591 (D.N.M. Oct. 31, 2018) ("Striking a pleading or part of a pleading is a drastic remedy and because a motion to strike may often be a dilatory tactic, motions to strike under Rule 12(f) generally are disfavored.") (quoting *Estate of Gonzales v. AAA Life Ins. Co.*, 2012 WL 1684599, at *5 (D.N.M. May 8, 2012)); *Scherer v. U.S. Dep't of Educ.,* 78 Fed. App'x 687, 689 (10th Cir. 2003) (unpublished).

Further, Rule 12(f) only applies to pleadings defined under Rule 7(a): complaints, third-party complaints, answers, replies to answers, counterclaims, and crossclaims. Fed. R. Civ. P. 12(f); 7(a); *Searcy v. Soc. Sec. Admin.*, 1992 WL 43490, at *2 (10th Cir. 1992) (unpublished) ("Moreover, there is no provision in the Federal Rules of Civil Procedure for motions to strike motions or memoranda…"); *Dubrovin v. The Ball Corp. Welfare Ben. Plan for Empls.,* 2009 WL 5210498 at *1 (D. Colo. Dec. 23, 2009) ("Only material included in a pleading may be the subject of a motion to strike, and courts have been unwilling to construe the term broadly.") (internal quotations omitted). Allegations are only stricken as immaterial if they have no possible bearing on the controversy, and a party must usually show prejudice before the court grants a motion to strike. *Sierra Club v. Tri-State Gen. and Transmission Ass'n, Inc.*, 173 F.R.D. 275, 285 (D. Colo. 1997) ("The rule's purpose is to conserve time and resources by avoiding litigation of issues which will not affect the outcome of the case."); *Robledo-Valdez v. Colo. Dep't of Corrections*, 2020 WL 13840761, at *2 (D. Colo. 2020).

The Court agrees that a motion to strike the notices of the four individuals is a merit-based determination that is inappropriate at this stage of litigation and procedurally impermissible under Rule 12(f). *See* Fed. R. Civ. P. 12(f); *Sierra Club,* 173 F.R.D. at 285. Since discovery in this matter is not yet complete, this Court is not well-positioned to weigh the credibility of the notices of consents filed by Plaintiff against the Defendants' declarations. *See Martinez*, 328 F.R.D. at 591; *Scherer v,* 78 Fed. App'x at 689. While district courts do have broad authority to ensure fairness and accuracy throughout the proceedings, striking these notices of consent is a drastic action that may cut off the ability of these four potential class members to opt into the lawsuit, and may affect the outcome of the case. *See Sierra Club,* 173 F.R.D. at 285; *Nattoo v. TPUSA-FHCS, Inc.*, 2021 WL 11730014, at *7 (S.D. Fla. July 2, 2021) (granting the defendants' uncontested motion to strike to potential FLSA class members but preserving the notice of consent for a possible class member that failed to appear to a deposition); *Hoffman-LaRoche Inc., v. Sperlin*g, 493 U.S. 165, 171 (1989) ("[A] district court has both the duty and authority to exercise control a class action and to enter appropriate orders governing the conduct of counsel and the parties."); *Shaw v. Interthinx, Inc.*, 2014 WL 12741157, at *3 (finding that an email written by plaintiff's counsel to putative class members urging them to join the lawsuit was potentially misleading but declining to strike any notices of consent by potential class members after the email was sent). The Defendants have also failed to demonstrate how these four notices of consent have prejudiced them. *See Robledo-Valdez,* 2020 WL 13840761, at *2.

Second, a motion to strike brought under Rule 12(f) does not apply to FLSA notices of consent. *See* Fed. R. Civ. P. 12(f); *Searcy*, 1992 WL 43490, at *2; *Dubrovin,* 2009 WL 5210498 at *1. The Defendants made no arguments about why FLSA notices of consent are pleadings as

defined by Rule 7(a) other than to emphasize this Court's role in ensuring that notices to potential class members are fair and accurate. ***See* doc. 46 at 2**; Fed. R. Civ. P. 7(a). Here, the Defendants do not allege that the four notices of consent were not the result of a mistake, a missing witness, or potentially misleading communications. *See Shaw*, 2014 WL 12741157, at *3; *Nattoo*, 2021 WL 11730014, at *7. Because there is no indication of any wrongdoing that would taint the fairness and accuracy of the proceedings, this Court will not broaden the meaning of pleadings to include notices of consent, especially when motions to strike under Rule 12(f) are generally disfavored. *See id.; Martinez*, 328 F.R.D. at 591; Fed. R. Civ. P. 12(f); 7(a).

Therefore, the Defendants' Opposed Joint Motion to Strike Certain Notices of Consent (**Doc. 41**) is **DENIED** without prejudice. Once discovery is complete, the Defendants may raise the issue of whether these individuals are appropriately part of the conditionally certified class.


_____
                        ***/S/***
                        KEA W. RIGGS
                        UNITED STATES DISTRICT JUDGE