## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

ABELINO RIVERA, Individually and for
others similarly situated,

       Plaintiff,

      v.

CHSPSC, LLC d/b/a/ COMMUNITY HEALTH
SYSTEMS and LAS CRUCES MEDICAL
CENTER, LLC d/b/a MOUNTAIN VIEW
REGIONAL MEDICAL CENTER,

       Defendants.

Case No. 2:23-cv-00336-KWR-KK

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Defendant CHSPSC, LLC's Motion to
Dismiss Plaintiff's First Amended Class and Collective Action Complaint (**Doc. 42**). Having
reviewed the parties' pleadings and the relevant law, the Court finds the motion is not well-taken
and therefore, is **DENIED**.

## FACTUAL BACKGROUND

Plaintiff Abelino Rivera brings a class and collective action to recover unpaid wages
from CHSPSC, LLC ("CHSPSC") and Las Cruces Medical Center, LLC ("Mountain View" or
"MVRMC") under the Fair Labor Standards Act (the "FLSA") and the New Mexico Minimum
Wage Act ("NMMWA"). **Doc. 23**. Defendant CHSPSC is "one of the nation's leading healthcare
providers, developing and operating healthcare delivery systems in 44 distinct markets across 15
states, including New Mexico." *Id.* **at 7** (internal quotations omitted). Defendant Mountain View
is a 168-bed medical facility in Las Cruces, New Mexico, with more than 1200 employees and

250 physicians on staff, representing more than fifty medical specialties. *Id.* Mr. Rivera worked

as a respiratory therapist at MVRMC between February 2019 and February 2021. *Id.* **at 3**

Mr. Rivera argues that the Defendants—as a single employer and enterprise—jointly

violated the FLSA by implementing automatic meal deduction and time-rounding policies at

MVRMC and failing to incorporate his full compensation while calculating his overtime pay.

**Doc. 23 at 1, 7-11;** 29 U.S.C. § 203(d). He alleges these FLSA violations were common to a

putative class of hourly, non-exempt patient care workers at MVRMC. **Doc. 23 at 4.** CHSPSC

denies that it jointly employed Mr. Rivera with Mountain View and argues that Mr. Rivera has

not provided any factual allegations that support his assertion that CHSPSC—as a joint employer

with Mountain View—was also his employer under the FLSA. **Doc. 42 at 3;** 29 U.S.C. § 203(d).

Accordingly, CHSPSC moves to dismiss the Plaintiff's claims against him. **Doc. 42 at 1.**

## DISCUSSION

CHSPSC moves to dismiss Plaintiff's Amended Complaint under Federal Rules of Civil

Procedure 12(b)(1), arguing that Mr. Rivera lacks standing to bring his cause of action against it.

**Doc. 42 at 9.** CHSPSC alternatively contends that, under Rule 12(b)(6), Mr. Rivera's Complaint

does not sufficiently allege that CHSPSC is a joint employer under state or federal law. *Id.* **at 3-**

**4.** For the reasons below, the Court disagrees. Mr. Rivera has standing to pursue this claim

against CHSPSC and has made sufficient factual allegations in his Complaint to demonstrate that

it is plausible that CHSPSC jointly employed him.

**I.      The presence of an employment relationship is not a jurisdictional element of
the FLSA, and Mr. Rivera has standing to bring this suit against CHSPSC.**

The FLSA and NMMWA require employers to pay their employees at a rate of one and

one-half times their regular rate of pay for work weeks exceeding forty hours. *See* 29 U.S.C. §

207(a)(1); NMSA 1978 § 50-4-22. The FLSA provides that "[a]n action to recover … may be

2

maintained against any employer … in any Federal or State court of competent jurisdiction by any one or more employees..." 29 U.S.C. § 216(b).

CHSPSC argues that Mr. Rivera does not have standing to bring a claim against it under the FLSA and NMMWA because CHSPSC never employed Mr. Rivera or any other putative class member at MVRMC. **Doc. 42 at 9-11.** CHSPSC also argues that the language of 29 U.S.C. § 216(b) requires the presence of the employment relationship for a federal court to have threshold jurisdiction over a FLSA claim. **Doc. 45 at 3**. For these two reasons, CHSPSC asks this Court to dismiss the Complaint under Rule 12(b)(1) for lack of subject matter jurisdiction. *Id.* **at 7**. In response, Mr. Rivera argues that he has standing to bring the suit and that the presence of an employment relationship is an element of his FLSA claim, not a threshold jurisdictional element. **Doc. 44 at 1-2.** Because this Court has original subject matter jurisdiction under 28 U.S.C. § 1331 to hear claims under the FLSA, he asks that this Court deny CHSPSC's motion to dismiss. *Id.*

Federal courts are courts of limited jurisdiction. *Fajen v. Found. Rsrv. Ins. Co*., 683 F.2d 331, 333 (10th Cir. 1982). The Constitution allows federal courts to adjudicate only genuine cases and controversies, which require litigants to have standing. *California v. Texas*, 141 S. Ct. 2104, 2113 (2021); U.S. Const. art. III, § 2, cl. 1; *Valley Forge Christian Coll. v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982; *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559–61 (1992); *United States v. Texas*, 143 S. Ct. 1964, 1969 (2023). Article III standing is "always an antecedent question to the merits," so this Court will analyze whether Mr. Rivera established standing moving to the merits of his claims. *See Steel Co. v. Citizens*, 523 U.S. 83, 101 (1998).

A plaintiff demonstrates standing by showing (1) he has suffered an injury in fact, (2) there is a causal connection between the injury and the conduct complained of, and (3) it is likely

that a favorable judicial decision will redress the injury. *Defs. of Wildlife*, 504 U.S. at 559–61; *Haaland v. Brackeen*, 143 S. Ct. 1609, 1638 (2023). In short, a plaintiff must show that they have suffered an injury fairly traceable to the defendant's allegedly unlawful conduct that will likely be redressed by the requested relief. *Id.* If a plaintiff cannot demonstrate all three elements of standing by a preponderance of evidence, Rule 12(b)(1) directs a trial court to dismiss an action for a lack of subject matter jurisdiction. *Defs. of Wildlife*, 504 U.S. at 561. When determining whether a plaintiff has standing at the motion to dismiss stage, the trial court must accept as true all material allegations in the complaint and construe the complaint liberally in favor of the plaintiff. *S. Utah Wilderness All. v. Palma*, 707 F.3d 1143, 1152 (10th Cir. 2013); *Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Ward v. Utah*, 321 F.3d 1263, 1266 (10th Cir. 2003) ("For purposes of ruling on a motion to dismiss for want of standing, both the trial and reviewing courts must accept as true all material allegations of the complaint and must construe to the complaint in favor of the complaining party.").

Federal courts have original jurisdiction under 28 U.S.C. § 1331 when the complaint claims a right to recover under the Constitution or the laws of the United States. *Bell v. Hood*, 327 U.S. 678, 681 (1946). Courts refer to this type of original jurisdiction as federal questions jurisdiction. *Id.* The Supreme Court has described a "readily administrable bright line" to distinguish between jurisdictional issues—which can be resolved under Rule 12(b)(1)—and merit-based issues, which must be resolved under Rule 12(b)(6). *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 516 (2006). Unless Congress clearly states that a threshold limitation on a statute's scope is jurisdictional, courts are instructed to treat the restriction as an element of the plaintiff's claim for relief. *Id.*

First, the Court finds that an employment relationship is not a jurisdictional prerequisite for this Court's ability to hear this case but rather is an element of Mr. Rivera's FLSA claim. ***See doc. 45 at 2-3;*** 29 U.S.C. § 216(b); *Arbaugh*, 546 U.S. at 504-05, 515. The language of § 216(b) does not clearly state that the employer-employee relationship is jurisdictional rather than an element of the claim. *See Arbaugh*, 546 U.S. at 516 ("[W]hen Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character."). Therefore, this Court will assess whether Mr. Rivera plausibly pleads an employment relationship with CHSPSC as an element of his FLSA claim, applying the Rule 12(b)(6) standards. *See id.*; *Pogue v. Chisholm Energy Operating, LLC*, 2021 WL 979726, at *2 (D.N.M. Mar. 16, 2021) ("The Court believed that the existence of an employee/employer relationship under the FLSA is an element of the plaintiff's meritorious FLSA claim and does not implicate this Court's threshold subject matter jurisdiction.") (quoting *Fuentes v. Compadres, Inc.*, 2018 WL 1444209 at *4 (D. Colo. Mar. 23, 2018) (finding that § 216(b) includes no "express and straightforward jurisdiction-limiting clause")) (internal quotes omitted); Fed. R. Civ. P. 12(b)(6).

This Court derives its threshold grant of jurisdiction to review FLSA claims under 28 U.S.C. § 1331, which provides federal district courts original jurisdictions over all civil actions arising under the laws of the United States. *See Montes v. Janitorial Partners, Inc.*, 859 F.3d 1079, 1084 (D.C. Cir. 2017) (§216(b)'s permission to sue in "any Federal or State court of competent jurisdiction" indicates that FLSA assumes that a grant of jurisdiction comes from § 1331); *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 694 (2003) (describing that FLSA provides that an action may be maintained in any court of competent jurisdiction, and that federal district courts have original jurisdiction over FLSA claims under 28 U.S.C. § 1331); *Guereca v. Cordero*, 487 F. Supp. 1138, 1145-46 (D.N.M. Mar. 27, 2020).

Next, the Court turns to CHSPSC's argument that Mr. Rivera lacks standing to bring a suit against it because CHSPSC never employed him, so any injury he suffered is not fairly traceable to it. **Doc. 42 at 9-11.** *See Simon v. East. Ky. Welfare Rights Org.*, 426 U.S. 26, 41-43 (1976). When determining whether Mr. Rivera has standing, this Court accepts as true all material allegations of his Complaint, construing it liberally in his favor. *S. Utah Wilderness All.*, 707 F.3d at 1152; *Ward*, 321 F.3d at 1266.

Mr. Rivera alleges several injuries-in-fact. ***See generally*** **doc. 23;** *Defs. of Wildlife*, 504 U.S. at 559–61. First, he claims that he was subject to the Defendants' common practice of (1) automatically deducting thirty minutes from hourly, non-exempt patient care workers' recorded time for meal periods, regardless of whether these employees received a complete and uninterrupted meal period, and (2) failing to provide the putative class members with bona fide meal periods by expecting them to remain on-duty and working throughout their shifts and subjecting them to interruptions during their unpaid meal periods. **Doc. 23 at 9.** He also alleges that the Defendants jointly subjected him and other putative class members to a uniform policy of automatically rounding their time punches to the nearest fifteen-minute increment to the Defendants' primary benefit. *Id.* **at 10.** Finally, he alleges that the Defendants failed to include shift differentials and bonuses into putative class members' regular rates of pay when calculating what they were owed for overtime. *Id.* These alleged FLSA violations injured Mr. Rivera and other class members by requiring them to perform "off-the-clock" work without appropriate remuneration, violating the FLSA and NMMWA. *Id.*

Mr. Rivera's complaint also alleges these injuries are fairly traceable to CHSPSC's actions. *See Simon*, 426 U.S. at 41-43; *Defs. of Wildlife*, 504 U.S. at 559–61. In his amended Complaint, Mr. Rivera claims that both CHSPSC and MVRMC "form a single employer and enterprise for

the purposes of FLSA liability" and "acted as joint employers of Rivera and Class members because they jointly, directly or indirectly, controlled the employment terms, pay practices, timekeeping practices, and daily work of Rivera and Class Members." **Doc. 23 at 5-6**. Further, the Plaintiff alleges that he and other putative class members were required by the Defendants to "follow and abide by common work, time, and overtime policies and procedures in the performance of their jobs" and that these workers "received wages … that were determined by common systems and methods that [the Defendants] selected and controlled." *Id.* **at 8.** Construing these material allegations as true, Mr. Rivera has traced his three alleged FLSA violations to the policies and practices jointly administered by MVRMC and CHSPSC. ***See generally id.***; *Brackeen*, 143 S. Ct. at 1638; *Defs. of Wildlife*, 504 U.S. at 559–61; *S. Utah Wilderness All.*, 707 F.3d at 1152; *Ward*, 321 F.3d at 1266.

Finally, the Plaintiff's requested relief of unpaid overtime wages and damages is likely to redress the injury claimed, which is that the Plaintiff and other putative class members were improperly compensated for off-the-clock work. ***See* doc. 23 at 10, 19-20;** *Brackeen*, 143 S. Ct. at 1638; *Defs. of Wildlife*, 504 U.S. at 559–61. Mr. Rivera has established standing to bring this FLSA action against CHSPSC, and this Court will treat the existence of an employment relationship between CHSPSC and Mr. Rivera as an element of his FLSA claim. *Defs. of Wildlife*, 504 U.S. at 559–61; *Brackeen*, 143 S. Ct. at 1638.

II.     **Mr. Rivera has plausibly stated a claim upon which relief may be granted.**

Rule 12(b)(6) directs the Court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must include sufficient facts that, if true, state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *Mink v. Knox*, 613 F.3d 995, 1000 (10th

Cir. 2010). A valid complaint requires the plaintiff to make a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Therefore, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). All well-pleaded factual allegations are "viewed in the light most favorable to the nonmoving party," and the Court must draw all reasonable inferences in Plaintiff's favor. *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014); *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

To plead a FLSA claim, a plaintiff need only provide a short and plain statement of the claim alleging: (1) the defendant employed him; (2) he worked more than 40 hours in a week; and (3) he was not paid overtime for those hours worked in excess of 40 hours. *See Kenney v. Helix TCS, Inc.*, 939 F.3d 1106, 1109 (10th Cir. 2019); Fed. R. Civ. P. 8(a)(2); *Rayfield v. Sandbox Logistics, LLC*, 217 F. Supp. 3d 1299, 1300 (D. Colo. 2016) (denying the motion to dismiss a FLSA collective action because the plaintiff alleged he was an employee of the defendant, that he worked more than 40 hours per week, and that he was not paid overtime); *see also McDonald v. Kellogg Co.*, No. 08-2473-JWL, 2009 WL 1125830, at *2 (D. Kan. April 27, 2009) (FLSA claim was adequately plead where "plaintiffs have alleged that defendant has violated the FLSA through its policy and practice of refusing to pay employees, including plaintiffs, the appropriate rate for hours worked more than forty per week"); *Renteria-Camacho v. DIRECTV, Inc.*, No. 14-2529, 2015 WL 1399707, at *3 (D. Kan. Mar. 26, 2015) (complaint adequate where plaintiff "alleges his pay was unlawful over the entire course of his employment.").

While a district court must accept all well-plead factual allegations as accurate, "a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable*." Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009); *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011); *Twombly*, 550 U.S. at 555 (mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice). The court may properly consider written documents attached to the complaint as exhibits as part of the complaint for the purposes of Rule 12(b)(6). *Hall v. Bellmon*, 935 F.2d 1106, 1112 (10th Cir. 1991); *Pogue*, 2021 WL 979726 at *2 ("[T]he Court will not consider Defendant's documents because they were not attached to the complaint or incorporated into it, and Plaintiff does not rely upon them to state his claim.")

Therefore, to overcome CHSPSC's motion to dismiss, the Plaintiff's Complaint must plausibly allege that (1) the CHSPSC employed him; (2) he worked more than 40 hours in a week; and (3) he was not paid overtime for those hours worked in excess of 40 hours. *See Kenney*, 939 F.3d at 1109. In its motion to dismiss, CHSPSC focuses only on the first element of Mr. Rivera's FLSA claim: that Mr. Rivera failed to present facts establishing that CHSPSC jointly employed him with MVRMC. **Doc. 42 at 4.** For the reasons below, the Court agrees that Mr. Rivera has sufficiently pleaded factual allegations that, if true, plausibly suggest that CHSPSC jointly employed him. *See Smith*, 561 F.3d at 1098.

The FLSA defines "employ" expansively as "suffer or permit to work." 29 U.S.C. § 203(g); *Nationwide Mutual Insurance Co. v. Darden*, 503 U.S. 318, 326 (1992); *Falk v. Brennan*, 414 U.S. 190, 195 (1973). The FLSA's statutory definition of an employer is also broad: any individual or entity that acts directly or indirectly in the interest of an employer concerning an employee. 29

9

U.S.C. § 203(d). "The striking breadth of these definitions stretches the meaning of employer to cover some parties who might not qualify as such under a strict application of traditional agency principles." *Johnson v. Unified Gov't of Wyandotte Cnty.*, 371 F.3d 723, 729 (10th Cir. 2004) (internal quotations and citations omitted). The Tenth Circuit has yet to articulate a test for determining whether a person or entity is considered a joint employer under the FLSA. *See Barnett v. Vapor Maven OK 1, LLC*, 2022 WL 16950273, at \*2 (N. D. Okla. Nov. 15, 2022); *Coldwell v. Ritecorp Env't Prop. Sols.*, 207 WL 1737715, at \*5 (D. Colo. May 4, 2017). However, courts in the circuit have used an economic realities test—not the presence of a legal or contractual relationship—to determine whether an alleged employer employed a worker. *Baker v. Flint Eng. & Construction Co.* 137 F.3d 1436, 1440 (10th Cir. 1998); *Acosta v. Paragon Contractors Corp.*, 884 F.3d 1225, 1235 (10th Cir. 2018).

The economic realities test considers the degree of control exercised by the alleged employer over the worker, the worker's opportunity for profit or loss, the worker's investment in the business, the permanence of the working relationship, the degree of skill required to perform the work, and the extent to which the work is an integral part of the alleged employer's business. *Johnson*, 371 F.3d at 729; *Henderson v. Inter-Chem Coal Co., Inc.*, 41 F.3d 567, 570 (10th Cir. 1994). No single factor is determinative. *Acosta*, 884 F.3d at 1235. Notably, the analysis focuses on the relationship between the purported employer and the employee, not the legal relationship between the alleged joint employers. *Harbert v. Healthcare Svcs. Grp., Inc.*, 173 F. Supp. 2d 1101, 1106 (D. Colo. Sept. 28. 2001).

Defendant CHSPSC argues that this Court should consider the following four factors to determine whether CHSPSC jointly employed Mr. Rivera: whether it (1) had the power to hire and fire employees; (2) supervises and controls employee work schedules or conditions of

10

employment; (3) determines the rate and method of payment; and (4) maintains employment records. **Docs. 42 at 5; 45 at 5.** While these factors were identified in a final Department of Labor rule entitled "Joint Employer Status Under the Fair Labor Standards Act" that took effect on March 16, 2020, it was subsequently rescinded and reserved, effective September 28, 2021. 86 F.R. § 40939; 29 C.F.R. § 791. Therefore, this Court will apply the six-factor economic reality test described by the Tenth Circuit. *See Baker,* 137 F.3d at 1440; *Johnson*, 371 F.3d at 729; *Acosta*, 884 F.3d at 1235.

Whether CHSPSC employed the Plaintiff is not determined by a contractual or legal relationship between CHSPSC and Mr. Rivera but rather through the economic realities test. *See Acosta* 884 F.3d at 1235; *Baker*, 137 F.3d at 1440. Plaintiff asserts the following to allege that CHSPSC and Mountain View jointly employed him:

- For the relevant period, CHSPSC was an employer within the meaning of 29 U.S.C. § 203(d) and formed a single employer and enterprise for FLSA liability. CHSPSC operates healthcare delivery systems in forty-four markets across fifteen states, including New Mexico. Mountain View is a 168-bed facility with "more than 1200 employees and nearly 250 physicians on staff representing more than 50 medical specialties. **Doc. 23 at 7**, ¶ **39, 41, 51-52.**

- As part of its business objectives of delivering healthcare systems, CHSPSC and Mountain View hire individuals to provide patient care at MVRMC. CHSPSC and Mountain View hired Mr. Rivera and other potential class members as patient care workers at Mountain View. They uniformly classified them as non-exempt workers paid on an hourly basis. These patient care workers have different titles and specific job duties but are subject to the same or similar illegal pay practices for similar work. *Id.* **at 7, ¶ 54-56.**

- CHSPSC and Mountain View controlled Mr. Rivera and other potential class members' potential for profit and loss. CHSPSC and Mountain View routinely scheduled Mr. Rivera and other putative class members to work twelve- to fourteen-hour shifts for up to six days a week, resulting in a work week that routinely exceeded forty hours. These workers were paid different hourly rates ("shift differentials") and bonuses depending on what type of shifts they worked. During these shifts, CHSPSC knew or had reason to know, that Mr. Rivera and other potential class members were requested, permitted, suffered, or allowed to work during their unpaid meal breaks in violation of the FLSA and NMMWA. *Id.* **at 2, 11, 14, ¶ 10, 82-85, 112.**

11

- CHSPSC and Mountain View acted as joint employers of Plaintiff and the potential class members because they jointly, directly, or indirectly controlled the employment terms, pay practices, timekeeping practices, and daily work of Mr. Rivera and other potential class members. *Id.* **at 5, ¶ 39-41.**

- CHSPSC and Mountain View did not employ Mr. Rivera on a project-by-project or independent contractor basis. Mr. Rivera was hired as a Respiratory Therapist at MVRMC and CHSPSC and was employed there for approximately two years between February 2019 and February 2021. His primary responsibilities included providing respiratory care services to CHSPSC and Mountain View's patients, including ventilator and airway management, breathing treatments, emergency treatments, NICU cases, and assisting doctors and other patient care staff. *Id.* **at 3, 7-8, ¶ 19, 57-58.**

- Mr. Rivera or the other potential class members did not require significant investment by CHSPSC or Mountain View to perform the required work. While working as patient care workers at MVRMC, Mr. Rivera and other potential class members performed their jobs under CHSPSC and Mountain View's supervision using materials, equipment, and technology approved and supplied by CHSPSC and Mountain View. CHSPSC and MVRMC required these same workers to follow common work, time, pay, and overtime policies and procedures in the performance of their jobs. Their pay was calculated using common systems and methods selected and controlled by Mountain View and CHSPSC, and they were required to record their hours worked using a common timeclock system. *Id.* **at 8, ¶ 62-65**.

- CHSPSC and Mountain View controlled Mr. Rivera and other class members' working conditions. For example, Mr. Rivera and other potential class members were subject to CHSPSC and Mountain View's common practices of (1) automatically deducting 30 minutes from their recorded hours worked and wages each shift for meal breaks regardless of whether they received a bona fide meal period; (2) interrupting them during their unpaid meal periods; (3) paying them different hourly rates and bonuses depending on the types of shifts they worked; (4) failing to include these shift differential and bonuses in calculating regular rates of pay; (5) automatically rounding potential class members recorded time punches in a common timeclock system to the nearest 15-minute increment, failing to include all work time in their total hours worked to the primary benefit of CHSPSC and MVRMC. *Id.* **at 1, 5, 7-10, ¶ 5, 27, 49, 60-61, 66, 69, 74-75.**

- Mr. Rivera and the putative class members routinely work more than 40 hours in a work week. CHSPSC and Mountain View did not pay them 1.5 times their regular hourly rate because they failed to include (1) the time employees worked during their unpaid meal breaks in their total number of hours worked in each work week and (2) these employees' shift differentials and bonuses in calculating their regular rates of pay for overtime purposes. Mr. Rivera and the potential class members have been deprived of wages owed for work they performed for CHSPSC and Mountain View's direct and substantial benefit. *Id.* **at 11, 17, ¶ 86, 130.**

In its motion, CHSPSC disputes many of the Plaintiff's factual allegations through its own sworn declarations, namely that it never employed patient care workers at MVRMC, altered or adjusted Mountain View employees' recorded hours, or maintained employment records for workers at MVRMC. ***See* doc. 37-1; 42 at 5-8.** This Court may only properly consider written documents attached to the Complaint under Rule 12(b)(6); therefore, the Court will not consider the sworn declarations provided by CHSPSC because the Plaintiff does not rely on them to state his claim. ***See* doc. 37-1**; *Hall*, 935 F.2d at 1112; *Pogue*, 2021 WL 979726 at *2. CHSPSC further argues that Plaintiff has made conclusory statements suggesting an employment relationship and has not detailed how CHSPSC exerted control over the potential class members or the degree of control it exerted over potential class members. ***See* doc. 42 at 7-8;** *Smith*, 561 F.3d at 1098. However, the Plaintiff need not provide hyper-detailed facts to survive a motion to dismiss under Rule 12(b)(6); his specific factual allegations about CHSPSC's timekeeping and payroll practices are sufficient to demonstrate that CHSPSC exerted control over him. ***See* doc. 44 at 5-6**; Fed. R. Civ. P. 8(a)(2); *Rayfield*, 217 F. Supp. 3d at 1300; *McDonald,* 2009 WL 1125830, at *2; *Renteria-Camacho,* 2015 WL 1399707, at *3.

The Court agrees that the Plaintiff's Complaint details sufficient facts that, if true, plausibly state an employment relationship between Mr. Rivera and CHSPSC. Fed. R. Civ. P. 12(b)(6); *Iqbal*, 556 U.S. at 677; *NBC Universal, Inc.*, 757 F.3d at 1136. Under the economic realities test, Mr. Rivera has plausibly alleged that CHSPSC exerted considerable control over him through the common timekeeping and payroll policies required by CHSPSC. ***See generally* doc. 23**; *Acosta,* 884 F.3d at 1235; *Baker*, 137 F.3d at 1440. He states that he and the other potential class members were hired to provide patient care at MVRMC, indicating the permanence of the working relationship and the centrality of the work to CHSPSC's business of operating healthcare delivery

systems. *Id.* Mr. Rivera and other potential class members' opportunities for profit or loss were controlled by CHSPSC because it hired them as hourly workers, scheduled their shifts, and paid them according to a shift differential and bonus scheme. *Id.* Even though Mr. Rivera and CHSPSC have no formal contractual employment relationship, Mr. Rivera has alleged specific facts that indicate that an employment relationship between the parties is plausible. *Acosta* 884 F.3d at 1235; *Baker*, 137 F.3d at 1440; *Twombly*, 550 U.S. at 555.

The Plaintiff's Complaint includes sufficient factual allegations that (1) he was employed jointly by CHSPSC and MVRMC, (2) he worked more than 40 hours a week, and (3) he was not paid overtime for the hours he worked over 40 hours a week. ***See* doc. 23 at 11, 17***; *Kenney*, 939 F.3d at 1109. Based on the FLSA's broad definition of employment encapsulated by the economic realities test, Mr. Rivera has stated a claim upon which relief may be granted and survives CHSPSC's motion to dismiss. *See Johnson*, 371 F.3d at 729; *Acosta* 884 F.3d at 1235; *Baker*, 137 F.3d at 1440; Fed. R. Civ. P. 12(b)(6).

**IT IS THEREFORE ORDERED** that Defendant CHSPSC, LLC's Motion to Dismiss Plaintiff's First Amended Class and Collective Action Complaint (**Doc. 42**) is **DENIED**.

_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE